# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer *RRP* | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 239 | **DATE** | 8/4/2010 |
| **CASE TITLE** | John E. Junious vs. Tom Dart, et al | | |

**DOCKET ENTRY TEXT**

Defendant's motion to dismiss [38] is granted in part and denied in part. Plaintiff may proceed with his claims against Defendant Godinez in his individual capacity, and Godinez is directed to respond to the amended complaint's claims against him in his individual capacity within 30 days of the date of this order. Claims against Godinez in his official capacity are dismissed. Plaintiff is advised that, if he seeks to maintain his claims against the John Doe Defendants, he should forward discovery requests to counsel for Godinez to learn the names of those Defendants and submit another amended complaint that identifies them by name and includes Godinez.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

    Plaintiff is an inmate currently incarcerated at the Logan Correctional Center. In January 2009, Plaintiff initiated this action pursuant to 42 U.S.C. § 1983 against Cook County Sheriff Tom Dart, Executive Director Salvador Godinez, and Assistant Director Scott Kurtovich. Plaintiff alleged that, in September 2008, while he was incarcerated at the Cook County Jail, he was housed in two cells with no lights and with live wires hanging from the light sockets. Plaintiff also alleged that he was in a "hot bed" program, such that he had access to a cell with a bed for eight hours a day and then had to use a "boat like" bed on the floor for eight hours to give another inmate access to a raised bed.

    On July 6, 2009, the court dismissed Plaintiff's original complaint and directed Plaintiff to file an amended complaint identifying the physical injuries, if any, that resulted from the alleged jail conditions. Plaintiff's amended complaint, filed on September 2, 2009, amplifies his allegations: he asserts that when he entered Cook County Jail, he was placed in a cell with no working light and with live wires hanging from the light socket. After complaining to jail officers, Plaintiff was moved to another cell for a month and a half, but the conditions there were no better. Plaintiff again alleged that he was in a "hot bed" program that required him to sleep on "boat like" beds with a mattress on the floor for a period of time. Plaintiff claims that he suffered diminished eyesight from the lack of lighting and back pains from sleeping on the floor, and that his complaints about these conditions were ignored. The amended complaint names as Defendants only Salvador Godinez and two unknown officers, each referred to as John Doe.

    Salvador Godinez has filed a motion to dismiss the amended complaint. Godinez contends that: (1) sleeping on a mattress on a floor for a period of time does not constitute an objectively serious condition of confinement sufficient to state a claim under § 1983; (2) because Plaintiff has not alleged that Godinez was aware of the lack of lighting or the sleeping conditions, he has no basis for a claim against Godinez in his individual capacity, and (3) Plaintiff has not alleged a policy or custom that would support a claim against Godinez in his official capacity. (R. 39.)

# STATEMENT

When considering a motion to dismiss, the court assumes the truth of all well-pleaded allegations and views the alleged facts, as well as any reasonable inferences, in a light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Under FED. R. CIV. P. 8(a)(2), a complaint need only set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," and provide the defendants with sufficient notice of the claim and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Extensive factual allegations are not necessary, but the complaint must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 -77 (7th Cir. 2007), *citing Bell Atlantic Corp.*, 544 U.S. at 555. Moreover, if a plaintiff pleads facts that demonstrate that he has no claim, a court may dismiss the complaint. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

To establish a constitutional violation with respect to a jail condition against a defendant in his individual capacity, a pretrial detainee must demonstrate that: (1) his condition was objectively serious; and that (2) the defendant acted with deliberate indifference to the condition. *Board v. Farnham*, 394 F.3d 469, 479-80 (7th Cir. 2005). Whether a condition of confinement is sufficiently serious turns on whether the condition amounted to punishment; a pretrial detainee has a constitutional right to "not be punished prior to an adjudication of guilt." *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). A pretrial detainee is entitled to "the minimal civilized measure of life's necessities," and must be provided adequate shelter, clothing, food, bedding, heat, and sanitation. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Gillis v. Litscher*, 468 F.3d 488, 491-92 (7th Cir. 2006); *Board,* 394 F.3d at 477-81.

With respect to the deliberate indifference prong, in order for a defendant to be individually liable, he must have actually been aware of the condition and have taken no steps to resolve it. *Grieveson v. Anderson*, 538 F.3d 763, 775 (7th Cir. 2008). Thus, for Plaintiff to state a claim against Godinez in his individual capacity, Plaintiff must allege that he suffered a sufficiently serious condition of his confinement and that Godinez personally had knowledge of the condition but did nothing to correct it.

An "official capacity" claim against an individual defendant is the same as a claim against the official's entity. To establish such a claim, a plaintiff must demonstrate that an unconstitutional jail condition was the result of a policy or custom over which the defendant had control. *Walker v. Sheahan,* 526 F.3d 973, 977 (7th Cir. 2008). An unconstitutional condition is the result of a policy or custom if there was (1) an express policy that caused the constitutional deprivation or (2) a widespread practice that amounted to a custom. *Id.* Thus, to prevail against Defendant Godinez in his official capacity, Plaintiff must assert that he suffered an unconstitutional jail condition that was the result of a jail policy or custom.

Plaintiff alleges that, for eight hours a day, he had to relinquish his bed in a cell for a "boat like" bed on the floor. These allegations do challenge an official jail policy but by themselves do no state a constitutional violation. Courts in this circuit have repeatedly rejected claims that providing an inmate with a mattress on a floor for a period of time violates the constitution: "Being assigned to sleep on a mattress on the floor is not itself enough to give rise to a claim of punishment . . . . Absent more, the fact that an inmate's mattress is on the floor rather than elevated is of no constitutional significance." *Lage v. Thompson,* No. 08-1293, 2010 WL 2697152, * 4 (C.D. Ill. July 7, 2010) (Baker, J.); *see also Powell v. Cook County Jail*, 814 F. Supp. 757, 759 (N.D. Ill. 1993) ("nothing in the Constitution requires elevated beds for prisoners") (Shadur, J.); *Lynch v. Sheahan*, No. 92 C 1087, 1992 WL 245599 (N.D. Ill. Sept. 11, 1992) (Conlon, J.) ("the Constitution is indifferent as to whether the mattress a detainee sleeps on is on the floor or on a bed"). Thus, any claim arising out of the "hot bed" program is insufficient as against Godinez in his official capacity.

Analysis of the individual capacity claim is a bit more complicated. Plaintiff contends that he complained of back pain but was nevertheless required to sleep on the floor. (R. 34, Amended Compl. at 5.) (Plaintiff states that he "suffered back pains because of having to sleep on boat like beds after complaining to jail officers"). In his response to the motion to dismiss, Plaintiff confirms that he suffered extreme pain, that he complained, and that he "was still made to suffer." (R. 48, Pl's Response, 2.) Allegations of some pain or discomfort from having to sleep on a mattress on the floor would not be sufficient to elevate such a condition to

| STATEMENT |
|---|

the level of a constitutional violation. *See Ellington v. Grams*, No. 07-007, 2007 WL 5514739, *1 (W.D. Wis. 2007) (Crabb, J.) (having to sleep on mattress on floor, which resulted in neck, back, and shoulder pain did not rise level of constitutional violation); *Jones v. Sheahan*, No. 99-3699, 2001 WL 1230551, *5 (N.D. Ill. 2001) (Schenkier, M.J.) (sleeping on a mattress on a floor that caused "sleep deprivation, constant fatigue, lower back pain, aches, soreness, stiffness, stress, and anguish" did not state a constitutional claim). Plaintiff here asserts that his back pains were "extreme." (R. 48, Pl.'s Response, 2.) Courts have allowed a pretrial detainee's claim of severe back pains and being made to sleep on the floor to proceed beyond the pleading stage. *See Jacobs v. Anderson*, No. 99-569, 2001 WL 1338993, *1-2 (N.D. Ill. 2001) (Kennelly, J.)(inmate's allegations stated a sufficiently serious medical condition where he suffered "severe back problem" that caused "significant pain" which was aggravated by having to sleep on the floor). Plaintiff's allegations about his back condition are sketchy, and he makes no mention of any continuing injury, but the court concludes he has presented enough to satisfy the first prong of a deliberate indifference claim.

    With respect to the subjective prong, Plaintiff acknowledges that he has "no direct knowledge [that] Executive Director Salvador Godinez had knowledge of these conditions." (R. 48, Pl's Response, 2.) Plaintiff, however, made "several complaint[s] verbal[ly] and through grievances" and he "complained to any and everybody in authority." (*Id.* at 2.) Although such allegations, like his medical condition allegations, are sketchy, they suggest that Godinez may have been aware that Plaintiff had to sleep on the floor with extreme back pains but never addressed Plaintiff's concerns. Plaintiff may thus proceed against Godinez in his individual capacity for this claim.

    Similarly, Plaintiff may proceed against Godinez in his individual capacity for the claim that Plaintiff was housed in cells with no lights and with live wires for one and one-half months. Forcing an inmate to stay in a dark cell without a light, which allegedly caused diminished eyesight, may state a claim of an unconstitutional condition. *See Lloyd v. Briley*, No. 05 C 1499, 2007 WL 917385, *6 (N.D. Ill. 2007)(Coar, J.) (although a cell with no working light but with some light from a window and a hallway light may not be sufficiently serious, being kept in a dark cell with no light for over a month may constitute an unconstitutional condition of confinement). Again, because Plaintiff claims that he complained to everyone about the condition, there is, at least at this stage of the proceedings, an inference that Godinez was aware of the circumstances. Because there is no allegation that the absence of light was the result of a policy of widespread practice, however, the claim against Godinez in his official capacity for this condition is dismissed.

    Finally, in addition to answering the individual capacity claims against him, Godinez will remain a Defendant to assist with identifying the two unknown John Doe officers. Presumably, the two officers were among those to whom Plaintiff complained about both or either jail condition. When a inmate does not know the identity of a defendant, the inmate may refer to that person as John or Jane Doe and conduct discovery on a supervisory official, such as Godinez, to learn the officers' identities. As there is a two-year limitations period in Illinois for claims challenging jail conditions, Plaintiff is reminded of the need to identify the officers by name in another amended complaint before the expiration of the limitations period. His failure to do so may result in the dismissal of the John Doe Defendants. *See Jackson v. Kotter*, 541 F.3d 688, 699 (7th Cir. 2008). If has not already done so, Plaintiff is encouraged promptly to forward discovery requests to Defendant's attorney, providing information concerning the officers that will enable Godinez to identify them by name. Plaintiff will then be expected to submit another amended complaint, naming all of the Defendants he seeks to sue in this case.

*[signature]*